# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| GIDEON M. DAVIS, JR. | : | DOCKET NO. 2:06-cv-1260 |
| VS. | : | JUDGE MINALDI |
| MICROSOFT CORP., ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER TO AMEND

Currently before the court is a civil action filed *in forma pauperis* by *pro se* plaintiff, Gideon M. Davis, Jr. The plaintiff names the following persons as defendants: (1) Microsoft Corporation; (2) Bill Gates; (3) the United States of America; (4) the U.S. Department of Trade and Commerce; (5) the City of Lake Charles; (6) Louisiana's Governor; (7) Police Department, City of Lake Charles; (8) Don Dixon; (9) Detective Broussard; (10) Corporeal Chaddick; (11) U.S. Social Security Administration; (12) U.S. Department of Energy and Defense; (13) Lake Charles Memorial Hospital; (14) Dr. Headlesky; (15) U.S. Department of Education; (16) John McDaniel; and (17) Rhonda Faye McDaniel.

The factual allegations of his complaint are very vague. It appears as if the plaintiff was arrested for a curfew violation in the aftermath of Hurricane Rita and that he claims that he was subjected to assault and battery. However, his complaint fails to provide facts which indicate what each of the named defendants did to violate his rights. The complaint also fails to disclose the relief which the plaintiff seeks.

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to review the

complaint under 28 U.S.C. §1915 and to dismiss any claims which the court determines are frivolous, fail to state a claim upon which relief can be granted, or seek monetary damages from a defendant who is immune from such relief.

Federal courts are courts of limited jurisdiction, and the grounds for jurisdiction must be present at the time that the action is filed and must be evident on the face of the complaint. Fed.R.Civ.P. Rule 8(a); 28 U.S.C. § 1330, *et seq*. The basis of this court's jurisdiction over these claims is unclear.

To the extent that the plaintiff names a federal agency or its employees as defendants in this civil action, the court points out that the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.,* is the exclusive remedy for claims sounding in common law tort against the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. § 2679; *F.D.I.C. v. Meyer*, 114 S.Ct. 996 (1994). However, prior to bringing a claim in federal court under the FTCA, it is necessary for the plaintiff to exhaust the available administrative remedies by presenting his claim to the appropriate federal agency. 28 U.S.C. § 2675; *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993)*; see also Williamson v. U.S. Department of Agriculture*, 815 F.2d 368, 378 (5th Cir. 1987). The record before the court fails to disclose that the plaintiff exhausted the administrative remedies by presenting his claim to the appropriate federal agency.

To state a claim under §1983, the plaintiff must show that he has suffered the deprivation of a specific right secured by the Constitution of the United States and that the deprivation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988); *Leffall v. Dallas Independent School District,* 28 F.3d 521,

2

525 (5th Cir. 1994); *Resident Council of Allen Parkway Village v. United States Dep't of Hous. & Urban Dev.,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820, 114 S.Ct. 75, 126 L.Ed.2d 43 (1993). In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *see Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985). Additionally, the plaintiff must allege facts which demonstrate that the defendants either personally participated in the act causing the alleged constitutional deprivation, or that they implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

To the extent that the plaintiff names Microsoft Corporation, Bill Gates, John McDaniel, Rhonda Faye McDaniel, Lake Charles Memorial Hospital, and Dr. Headlesky as defendants, this court points out that these parties do not appear to be state actors who can be sued under the civil rights statute. Additionally, the facts alleged by the plaintiff in his complaint set forth no cause of action against these named defendants which would support either federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

The court also notes that a district court is authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte. Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999). Personal injury actions and civil rights actions are governed by Louisiana's one year prescriptive period. *Wilson v. Garcia*, 471 U.S. 261,

279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984); *Lavellee v. Listi,* 611 F.2d 1129 (5th Cir. 1980). Claims brought under the FTCA must be presented to the appropriate federal agency within two years after such claim accrues, and the suit in federal court must be filed within six months of a denial by the agency. *See* 28 U.S.C. §§2401(b), §2675(a).

Before this court determines the proper disposition of Plaintiff's claims, he should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly;

**THE CLERK IS DIRECTED** to serve Plaintiff with a copy of this Order.

**IT IS ORDERED** that Plaintiff amend his complaint within thirty (30) days of the filing of this order to (1) make a short and plain statement of the grounds upon which this court's jurisdiction depends; (2) specifically identify the relief sought; (3) allege specific facts in support of his claims against each named defendant which indicate that he is entitled to the relief sought, including the names of the parties who allegedly violated his rights, a description of what occurred, the place and date of the event giving rise to the claim, and a description of the alleged injury; and (4) provide proof that he exhausted his administrative remedies by presenting his claim to the appropriate federal agency. Alternatively, the plaintiff should dismiss any claim that he is unable to cure through amendment.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 11, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE